IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PETER J. SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-482-WKW-CWB |
| | ) |
| **RETIREMENT SYSTEM OF ALABAMA,** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Peter J. Smith, who is proceeding *pro se*, filed this action on August 11, 2022 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 5, 7).  Referral was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate."  (Doc. 2).  By Order dated November 18, 2022 (Doc. 8), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e).  After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order on March 31, 2023 directing Plaintiff to file an Amended Complaint by April 20, 2023.  (Doc. 9).  The Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint.  (*Id*.).  Plaintiff further was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original).  Notwithstanding the directive to replead and warning against not doing so, Plaintiff failed to file an Amended Complaint by the imposed deadline.

1

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. Considering Plaintiff's willful failure to comply with instructions to replead, the undersigned Magistrate Judge finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the March 31, 2023 Order. (Doc. 9). In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff has failed to plead a sufficient factual or legal basis to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All of Plaintiff's allegations are vague and conclusory, without sufficient factual content to support the asserted legal conclusions. Such are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). *See also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).

It is further observed that Plaintiff has asserted the same types of claims in the past and has been informed by this court that such allegations are not viable. *See, e.g., Smith v. Subway, Inc.*, No. 2:19-cv-592-RAH-SMD, 2020 WL 5870421 (M.D. Ala. Aug. 28, 2020). As to Plaintiff's purported claim for gender discrimination under Title II the Civil Rights Act of 1964, this court previously explained that "Title II does not prohibit discrimination on the basis of gender." *Id*. at *2 (citations omitted). With respect to Plaintiff's purported claim for race discrimination under Title II, this court has explained that "Title II only provides for injunctive relief, not compensatory damages." (citations omitted). *See also Smith v. Restaurant Brands Int'l, Inc.*, No. 2:21-cv-84-ECM-KFP, 2022 WL 619709, *2 (M.D. Ala. Jan. 3, 2022) ("To the extent Plaintiff seeks to bring a public accommodation claim under Title II of the Civil Rights Act, he also fails to do so—first, because Title II, by its plain terms, does not apply to gender discrimination and second, because Plaintiff seeks only monetary damages, which he cannot recover under Title II."). This court likewise has informed Plaintiff that allegations of "witness tampering" will not give rise to a civil claim. *Subway*, 2020 WL 5870421 at *2. And Plaintiff further has been informed by this court that claims for conspiracy are not cognizable absent an underlying wrong, *see id*., and that claims for retaliation are not cognizable absent an underlying employment relationship, *see Smith v. Walmart, Inc.*, 543 F. Supp. 3d 1234, 1240 (M.D. Ala. 2021).[1]

---

[1] "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). Plaintiff's extensive history of filing actions in this court—almost all of which have been deemed frivolous or otherwise dismissed shortly after inception—was recently enumerated in *Smith v. Adrian*, No. 2:23-cv-190-RAH-JTA. The undersigned Magistrate Judge alone is currently presiding over six actions filed by Plaintiff involving alleged violations of Title II of the Civil Rights Act that all arise out of conduct occurring in July 2022: *Smith v. RSA Tower*, 2:22-cv-439-WKW-CWB; *Smith v. RSA Tower*, 2:22-cv-440-WKW-CWB; *Smith v. RSA Tower*, 2:22-cv-441-WKW-CWB; *Smith v. Subway, Inc.*, 2:22-cv-479-WKW-CWB; *Smith v. Retirement Systems of Alabama*, 2:22-cv-481-WKW-CWB; and *Smith v. Retirement Systems of Alabama*, 2:22-cv-482-WKW-CWB. The undersigned also is presiding over two other such cases filed by Plaintiff arising out of conduct

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by May 11, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 27th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

---

occurring in November 2022:  *Smith v. City of Montgomery, AL*, 2:22-cv-668-WKW-CWB; and *Smith v. Retirement Systems of Alabama*, 2:22-cv-669-WKW-CWB.